**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4685-17T4

U.S. BANK TRUST, NA, AS
TRUSTEE FOR LSF9 MASTER
PARTICIPATION TRUST,

     Plaintiff-Respondent,

v.

MATTHEW C. WALDMAN,

     Defendant-Appellant,

and

MRS. MATTHEW C. WALDMAN,
WIFE OF MATTHEW C. WALDMAN,
and MARIA M. WALDMAN,

     Defendants.

_____

Submitted May 16, 2019 – Decided May 30, 2019

Before Judges Simonelli and Whipple.

On appeal from Superior Court of New Jersey, Chancery Division, Gloucester County, Docket No. F-016195-15.

Matthew C. Waldman, appellant pro se.

McCalla Raymer Leibert Pierce, LLC, attorneys for respondent (Brian P. Scibetta, on the brief).

PER CURIAM

In this residential foreclosure matter, defendant Matthew C. Waldman appeals from the August 21, 2015 Chancery Division order granting the motion of Nationstar Mortgage LLC (Nationstar)[1] for summary judgment and striking defendant's answer. Defendant also appeals from the April 29, 2016 order denying his motion to vacate the August 21, 2015 order.[2] We affirm.

On June 29, 2011, defendant executed a note to E Mortgage Management LLC (E Mortgage) in the amount of $239,000. E Mortgage executed an allonge making the note payable to Bank of America, N.A (BNA). BNA endorsed the note in blank, which transformed the note into a negotiable instrument

---

[1] On June 16, 2017, the trial court substituted U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust (U.S. Bank) as plaintiff.

[2] Defendant also appealed from the April 1, 2016, June 16, 2017, April 27, 2018 orders and the April 30, 2018 final judgment, but did not address these orders or the final judgment in his merits brief. Therefore, any issues relating thereto are deemed waived. See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011); Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2019).

A-4685-17T4

enforceable by possession alone.  See N.J.S.A. 12A:3-201(a) and N.J.S.A. 12A:3-205(b).

To secure payment of the note, defendant and defendant Maria M. Waldman executed a mortgage to Mortgage Electronic Registration System, Inc. (MERS), as nominee for E Mortgage, on their property in Williamstown.  The mortgage was recorded with the Gloucester County Clerk on July 11, 2011.

On February 19, 2014, MERS executed a corporate assignment of mortgage to Nationstar.  The assignment was recorded with the Gloucester County Clerk on March 14, 2014.

Defendant defaulted on the note on March 1, 2014, and has made no payment since.  On June 3, 2014, Nationstar served defendant with a notice of intention to foreclose (NOI).  The NOI identified Nationstar as the lender and provided Nationstar's contact information.  Defendant failed to cure.

On May 5, 2015, Nationstar filed a foreclosure complaint.  On June 12, 2015, defendant filed an answer and asserted twelve affirmative defenses, including lack of standing.

On July 23, 2015, Nationstar filed a motion for summary judgment.  In support thereof, Nationstar submitted a certification from an authorized representative, who certified that she reviewed Nationstar's business records in

this matter, confirmed defendant's execution of the note and mortgage and the recording of the assignment, and confirmed that the original note was presently in Nationstar's physical possession and was in Nationstar's possession at the time Nationstar filed the complaint. The representative attached a true copy of the note and assignment to the certification. Defendant did not file opposition. The trial court found that Nationstar met the standards for foreclosure and was entitled to summary judgment. The court entered an order on August 21, 2015, granting the motion.

On February 8, 2016, Nationstar filed a motion for final judgment of foreclosure. In response, defendant filed a motion to fix the amount due. He also filed a motion to vacate the August 21, 2015 order and dismiss the complaint, challenging Nationstar's standing. Defendant argued that Federal Home Loan Mortgage Corporation (Freddie Mac) was the owner and holder of the note and Nationstar was merely the loan servicer. Defendant also argued Nationstar produced no evidence it had possession of the original note when it filed the complaint; the NOI did not comply with US Bank National Association v. Guillaume, 209 N.J. 449 (2012); the assignment to Nationstar was invalid; and the evidence did not support summary judgment.

A-4685-17T4

In an April 29, 2016 order, the court denied defendant's motion to vacate the August 21, 2015 order and dismiss the complaint for the reasons the court expressed in granting summary judgment. In a Statement Pursuant to Rule 2:5-1(b), the court added that the document from Freddie Mac attached to defendant's certification in support of his motion were not certified as true copies as required by Rule 2:6-6 and did not prove Freddie Mac was the owner of the note and mortgage. The court also found Nationstar had submitted a true copy of the note, and the true copy of the recorded assignment Nationstar submitted indicated Nationstar was the owner of the mortgage. In a June 16, 2016 order, the court denied final judgment for failure to respond to a return notice.

On February 21, 2017, Nationstar executed an assignment of mortgage to U.S. Bank. The assignment was recorded with the Gloucester County Clerk on March 1, 2017. Thereafter, Nationstar filed a motion to substitute U.S. Bank as plaintiff. Defendant did not oppose the motion. In a June 16, 2017 order, the court granted the motion.

On March 26, 2018, U.S. Bank filed a motion for final judgment of foreclosure. In support, U.S. Bank submitted a certification of proof of amount due and schedule from David Nilsen, an authorized representative of Caliber

Home Loans, Inc. (Caliber), the mortgage loan servicer for U.S. Bank. Nilsen certified that "[a]s the mortgage servicer, Caliber is authorized to service and handle mortgage transactions involving the mortgage debtors named in the [p]laintiff's complaint." Nilsen reviewed Caliber's business records in this matter. He also reviewed the entries, calculations, and amounts indicated on the schedule of amount due attached to his certification, and certified that they were "correctly stated." The schedule of amount due indicated defendant owed $312,261.05.

In response, defendant filed a motion to fix the amount due and argued that Nilsen lacked personal knowledge to certify and authenticate the amount due. The court rejected that argument, finding Nilsen's certification satisfied N.J.R.E. 803(c)(6) and Rule 1:6-6, and was admissible and reliable. The court also found defendant failed to specifically attack any entry on the schedule of amount due. The court entered a final judgment of foreclosure on April 30, 2018.

On appeal, defendant raises substantially the same arguments he raised before the trial court. We have considered these arguments in light of the record and applicable legal principles and conclude they are without sufficient merit to

6

warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). However, we make the following brief comments.

"As a general proposition, a party seeking to foreclose a mortgage must own or control the underlying debt." Deutsche Bank Nat'l Trust Co. v. Mitchell, 422 N.J. Super. 214, 222 (App. Div. 2011) (quoting Wells Fargo, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011)). "[E]ither possession of the note or an assignment of the mortgage that predated the original complaint confer[s] standing." Deutsche Bank Trust Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012). "[S]tanding is not a jurisdictional issue in our State court system and, therefore, a foreclosure judgment obtained by a party that lacked standing is not 'void' within the meaning of Rule 4:50-1(d)." Deutsche Bank Nat'l Trust Co. v. Russo, 429 N.J. Super. 91, 101 (App. Div. 2012). The judgment is "voidable" unless the plaintiff has standing from either possession of the note or an assignment of the mortgage that predated the original complaint. See Angeles, 428 N.J. Super. at 319-20.

There is sufficient proof that Nationstar had both possession of the original note and a valid assignment of the mortgage prior to filing the foreclosure complaint. Accordingly, the court properly granted summary judgment to U.S. Bank.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4685-17T4